# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-24-00234-CV

**In re William L. Arnett**

### ORIGINAL PROCEEDING FROM ECTOR COUNTY

### M E M O R A N D U M   O P I N I O N

Relator William L. Arnett, an inmate in the Ector County Detention Center, has filed an original pro se application for writ of habeas corpus complaining that he is being illegally confined and raising a variety of issues, including denial of his right to a speedy trial, due-process violations, ineffective assistance of counsel, cruel and unusual punishment, and the 244th District Court's failure to rule on several of his filings.[1] Arnett asks for a hearing and requests that we "weigh in on this case and grant relief," namely, dismissal of his pending charges.

As an intermediate appellate court, we may issue writs of habeas corpus against a district judge or county court sitting in our district, or to enforce our jurisdiction. *See* Tex. Gov't Code 22.221. We lack jurisdiction to issue the requested writ against the 244th District Court of Ector County, because this Court neither has jurisdiction over the district courts of Ector County,

---

[1] To the extent that Arnett intends his filing as a petition for writ of mandamus, our analysis would be unchanged because the 244th District Court is not within our appellate district.

nor is such a writ necessary to enforce this Court's appellate jurisdiction. *See id.* § 22.221(a), (b)(1); *compare id.* § 22.201(d) (listing twenty-four counties in Third Court's district), *with id.* § 22.201(l) (including Ector County in list of counties in Eleventh Court's district).

Furthermore, this Court does not have original habeas-corpus jurisdiction in criminal cases. *See* Tex. Const. art. V, § 6 (providing that courts of appeals "shall have original or appellate jurisdiction, under such restrictions and regulations as may be prescribed by law"); Tex. Gov't Code § 22.221(d) (limiting original habeas-corpus jurisdiction of courts of appeals to situations where relator's liberty is restrained by virtue of order, process, or commitment issued by court or judge in civil case); *see also* Tex. Code Crim. Proc. art. 11.05 (vesting "power to issue the writ of habeas corpus" in "[t]he Court of Criminal Appeals, the District Courts, the County Courts, or any Judge of said Courts"). As an intermediate appellate court, our habeas-corpus jurisdiction in criminal matters is appellate only. *See* Tex. Gov't Code § 22.221(d); *see also In re Wilkins*, No. 03-20-00381-CV, 2020 WL 5608486, at *1 (Tex. App.—Austin Sept. 17, 2020, orig. proceeding) (mem. op.).

Accordingly, we dismiss the application for want of jurisdiction.

_____
Edward Smith, Justice

Before Chief Justice Byrne, Justices Smith and Theofanis

Filed: August 22, 2024

---

*See* Tex. Gov't Code § 22.201(d), (l); *In re Taylor*, No. 03-23-00724-CV, 2023 WL 7554325, at *1 (Tex. App.—Austin Nov. 15, 2023, orig. proceeding) (mem. op.).